IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CIVIL ACTION NO.  16-CR-365-JFC |
| | ) | |
| | ) | JUDGE JOY FLOWERS CONTI |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **YOUNES KABBAJ,** | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

Pending before the court are three motions filed pro se by Defendant Younes Kabbaj ("Kabbaj"):  (1) an emergency motion/petition for a competency hearing and termination or modification of supervision (ECF No. 194); (2) a motion/petition to produce evidence and compel witnesses for competency/violation proceedings and to prohibit pre-hearing detention (ECF No. 195); and (3) a motion/petition for permission to travel to Washington, D.C. (ECF No. 196).

On February 15, 2019, the court issued an opinion and order which resolved numerous motions filed by Kabbaj, including denial of a motion for a competency hearing pursuant to 18 U.S.C. § 4241(a) or early termination of supervised release (ECF No. 185).  In his filing at ECF No. 194, Kabbaj quotes from the court's opinion and reiterates his request for a competency hearing.  Accordingly, his filing will be construed as a motion for reconsideration of the February 15, 2019 opinion and order.

A motion for reconsideration should be granted only where the moving party establishes one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the

need to correct a clear error of law or fact to prevent manifest injustice." *Telfair v. Lynch*, No. CV 16-5085 (SDW), 2016 WL 7015628, at *4 (D.N.J. Dec. 1, 2016).

Kabbaj appears to base his motion on an alleged clear error of fact, namely, the court's denial of a § 4241(a) hearing because there is no pending petition to revoke Kabbaj's release or modify the terms of his supervision. Kabbaj contends that the "petition to revoke filed by the government approximately December of 2017 is still pending because the violations which provoked the revocation were stayed pending the outcome of a psychiatric evaluation ORDERED by the Court on 1/19/2018." (ECF No. 194 at 2).

The court does not agree. No petition to revoke his supervised release was filed in December 2017. Kabbaj most likely refers to the petition to revoke supervised release filed on January 8, 2018 (ECF No. 171). That petition, however, was "denied as withdrawn" by court order dated January 22, 2018 (ECF No. 175). A copy of that order will be sent to Kabbaj with this opinion. The court reaffirms its conclusion that a § 4241(a) hearing will not be held because there is no pending petition to revoke Kabbaj's release.

Kabbaj also contends that the court falsely accused him of seeking a competency hearing regarding a psychiatric evaluation commissioned in 2001. (ECF No. 194 at 2). The court is well-aware that disputes about whether Kabbaj suffers from schizophrenia are ongoing, including the March 9, 2018 examination by Dr. Sheila Rowan. (ECF No. 194-1). The court's February 15, 2019 opinion reflected Kabbaj's statement that "the government **started** accusing him of schizophrenia in 2001." (ECF No. 193 at 5) (emphasis added). In discussing the history and characteristics of Kabbaj, the court also recounted the presentence investigation report's information that he was hospitalized for psychiatric reasons in New York on four occasions from 2001-2003, and once in Florida in 2005. *Id*. at 8. The court concluded that the purpose of § 4241 (to ensure that a defendant is competent to understand the proceedings against him) is not implicated because no proceedings are currently pending against Kabbaj and § 4241 should not

be used as a mechanism to expunge references to diagnoses of schizophrenia dating back to 2001. The court adheres to its conclusion that a § 4241(a) hearing is not warranted. The motion at ECF No. 194 will be DENIED.

Kabbaj's motion at ECF No. 195 seeks to compel documents and witnesses to attend a § 4241(a) competency hearing. Because no competency hearing will be held, for the reasons set forth above and in the court's February 15, 2019 opinion, this motion will be DENIED AS MOOT.

Kabbaj's motion at ECF No. 196 is captioned as a motion for permission to travel to Washington, D.C. Kabbaj did not state whether this travel is prohibited by the conditions of his supervised release, or whether he requested permission to travel from the probation office. Kabbaj appears to request broader relief regarding filing an asylum request or renouncing his citizenship, although it is unclear why he must travel to Washington, D.C. for those purposes. The motion at ECF No. 196 will be DENIED WITHOUT PREJUDICE to Kabbaj's ability to file a renewed motion which clearly sets forth the relief he requests, and why the court has the authority to grant such relief.

An appropriate order follows.

By the court:

Dated: March 6, 2019

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge